IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN LAFOLLETTE, #469356, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00098-JPG |
| | ) |
| ST. CLAIR COUNTY, IL JAIL, | ) |
| ST. CLAIR COUNTY HEALTH | ) |
| INSPECTOR, | ) |
| SHERIFF RICK WATSON, | ) |
| WARDEN TAMMI GRIME, | ) |
| JAIL MAINTENANCE STAFF, | ) |
| and WEXFORD MEDICAL STAFF, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Shawn LaFollette, an inmate in the custody of the Missouri Department of Corrections who has been temporarily housed at St. Clair County Jail ("Jail") on a court writ since October 2019, brings this action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff claims that his exposure to "visible, toxic mold" at the Jail has caused him to develop labored breathing. He discloses no efforts to inform the defendants about the mold or his respiratory problems. Plaintiff nevertheless seeks leave to proceed with his claims and requests a medical evaluation. (*Id*.). This is one of two actions Plaintiff filed to address his alleged exposure to toxic mold at local jails. *See also LaFollette v. Jefferson County Jail, et al.*, No. 20-cv-00100-JPG (S.D. Ill. filed Jan. 23, 2020).

---

[1] Plaintiff commenced this action by filing a "Motion to File Lawsuit and be Medically Evaluated" in this District on January 23, 2020. (Doc. 1). On the same date, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and Motion for Recruitment of Counsel (Doc. 3). The Court construes the "Motion" as a Complaint brought pursuant to 42 U.S.C. § 1983 that is subject to preliminary review herein.

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Based on the allegations summarized above, the Court designates the following counts in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to black mold at the Jail since October 2019.
>
> **Count 2:** Eighth Amendment claim against Defendants for denying Plaintiff medical care for respiratory issues he developed following his exposure to black mold at the Jail.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

Because Plaintiff is a convicted person, his claims are governed by the Eighth Amendment, which prohibits cruel and unusual punishment. U.S. CONST. amend VIII. Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm to an inmate's health and safety. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). To establish an Eighth Amendment violation based on unconstitutional conditions of confinement, a plaintiff must satisfy an objective requirement (*i.e.*, that he suffered a sufficiently serious deprivation) and a subjective requirement (*i.e.*, that each defendant acted with deliberate indifference to his conditions of confinement). *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008); *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

The Complaint describes conditions that may satisfy the objective component of this claim. Depending on the degree and duration of the deprivation and the surrounding conditions, a valid

2

claim may arise from exposure to toxic mold. *See, e.g., Board v. Farnham*, 394 F.3d 469, 486 (7th Cir. 2005) (toxic mold in air ducts, coupled with inadequate ventilation causing respiratory problems and nosebleeds, deemed objectively serious). However, Plaintiff must also clear a subjective hurdle.

To survive screening, the Complaint must also demonstrate that each defendant exhibited deliberate indifference to the conditions Plaintiff endured. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A plaintiff may not attribute any of his constitutional claims to a high-ranking official by relying on the doctrine of *respondeat superior*, or vicarious liability; the official must actually have participated in the constitutional wrongdoing. *Cygnar v. City of Chicago*, 865 F.2d 827, 947 (7th Cir. 1989). Where a complaint describes potentially systemic conditions, such as those arising from a policy, custom, or widespread practice that results in a constitutional violation, the Court may infer personal knowledge on the part of a high-ranking officials. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

Plaintiff's allegations do not mention the individual defendants. Plaintiff does not allege that any of them were generally aware of the conditions. He does not claim that they were personally responsible for a policy, custom, or practice that created the toxic mold. He discloses no efforts on his part to put the defendants on notice of the conditions of his confinement or

describe the impact on him. He discloses no attempts to notify the defendants about his labored breathing or request for a medical evaluation. The allegations support no claim of deliberate indifference against any defendants.

Accordingly, Counts 1 and 2 shall be dismissed for failure to state a claim. However, Plaintiff will have an opportunity to re-plead his claims in an amended complaint. If he decides to do so, Plaintiff will be bound by the deadlines and instructions for filing an amended complaint in the below disposition.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). There is no constitutional or statutory right to counsel in federal civil cases. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Id*. When considering a request for counsel, the district court must consider whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). Plaintiff discloses no efforts to find counsel on his own, and he identifies no impediments to self-representation. Given his clear and coherent filings, the Court finds no basis for assigning him counsel at this time.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1), including Counts 1 and 2, is **DISMISSED** without prejudice for failure to state a claim for relief against the defendants.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 11, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 20-cv-00098-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/12/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
